Bradley J. Krupicka, OSB #104318
bkrupicka@ohaganmeyer.com
Megan K. Bryant-Tiktin, OSB #244898
mbryanttiktin@ohaganmeyer.com
O'HAGAN MEYER PLLC
805 SW Broadway, Suite 2280
Portland, OR 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

*Attorneys for Niobium Microsystems, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BRIAN SHIRAI,<br><br>Plaintiff,<br><br>v.<br><br>NIOBIUM MICROSYSTEMS, INC.,<br><br>Defendant. | Case No. 3:26-cv-00717-YY<br><br>**DEFENDANT NIOBIUM MICROSYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

TO:    ALL PARTIES HEREIN AND TO THEIR RESPECTIVE COUNSEL OF RECORD

AND TO:    CLERK OF THE ABOVE-ENTITLED COURT

Defendant Niobium Microsystems, Inc. ("Niobium" or "Defendant"), by and through its

counsel of record, O'Hagan Meyer, PLLC, hereby answers Plaintiff Brian Shirai's ("Plaintiff")

Complaint and Jury Demand (the "Complaint") as follows:

/ / /

/ / /

/ / /

DEFENDANT NIOBIUM MICROSYSTEMS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - Page 1

O'HAGAN MEYER PLLC
805 SW Broadway, Suite 2280
Portland, OR 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

## PARTIES

1.      In response to Paragraph 1, defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and on that basis, denies.

2.      In response to Paragraph 2, defendant admits that Niobium is now and has been at all material times a Delaware corporation with its principal place of business in Dayton, Ohio, and conducts business in the State of Oregon.

3.      In response to Paragraph 3, defendant admits that, for some portion of time during the events alleged in the complaint, defendant was a recipient of federal funds and was subject to applicable federal laws and regulations governing federal contractors

## JURISDICTION & VENUE

4.      Paragraph 4 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant admits and allege that plaintiff asserts jurisdiction under 28 U.S.C § 1331.

5.      Paragraph 5 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant admits and allege that plaintiff asserts jurisdiction under 28 U.S.C § 1367(a).

6.      Paragraph 6 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant admits and allege that plaintiff asserts venue is proper under U.S.C. § 1391(b).

## RELEVANT FACTS

7.      In response to Paragraph 7, defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of paragraph 7, and therefore denies.

8.      In response to Paragraph 8, defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of paragraph 8, and therefore denies.

9.      In response to Paragraph 9, defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of paragraph 9, and therefore denies.

DEFENDANT NIOBIUM MICROSYSTEMS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - Page 2

O'HAGAN MEYER PLLC
805 SW Broadway, Suite 2280
Portland, OR 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

10.    In response to Paragraph 10, defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of paragraph 10, and therefore denies.

## I.    PLAINTIFF'S ROLE AT NIOBIUM

11.    In response to Paragraph 11, defendant admits plaintiff was hired by defendant in or around November 2023. As to the remaining allegations in Paragraph 11, defendant denies.

12.    In response to Paragraph 12, defendant admits that plaintiff worked on the commercial side of the fully homomorphic encryption (FHE) technology. As to the remaining allegations in Paragraph 12, defendant denies.

13.    In response to Paragraph 13, defendant admits plaintiff helped develop the software for the commercial FHE project. As to the remaining allegations in Paragraph 13, defendant denies.

14.    In response to Paragraph 14, defendant admits that plaintiff was involved in hiring engineers for the commercial FHE project and engaged in some coordination work with contractors and management of software personnel. As to the remaining allegations in paragraph 14, defendant denies.

15.    In response to Paragraph 15, defendant admits that plaintiff was involved in hiring for the commercial FHE project. As to the remaining allegations in paragraph 15, defendant denies.

16.    In response to Paragraph 16, defendant admits that plaintiff reported updates on the development, performance, and functionality of the commercial FHE project to defendant's executive leadership. As to the remaining allegations in paragraph 16, defendant denies.

17.    In response to Paragraph 17, defendant denies.

## II.    PLAINTIFF'S INITIAL INVOLVEMENT WITH THE COMPILER PROJECT

18.    In response to Paragraph 18, defendant admits that plaintiff met with defendant's Chief Technology Officer to discuss the commercial FHE project. As to the remaining allegations in Paragraph 18, defendant denies.

DEFENDANT NIOBIUM MICROSYSTEMS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - Page 3

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, OR 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

19. In response to Paragraph 19, defendant lacks sufficient knowledge or information sufficient to form a belief as to plaintiff's personal understanding of the FHE project, and therefore denies.

20. In response to Paragraph 20, defendant admits that plaintiff worked with engineers on the commercial FHE project and assisted in developing and designing software to operate the FHE project. As to the remaining allegations in paragraph 20, defendant denies.

21. In response to Paragraph 21, defendant denies that commercial FHE project on which plaintiff worked received federal funding or was subject to performance expectations and benchmarks tied to federal funding. Defendant admits that the separate, federally funded FHE project for which plaintiff did not work was subject to performance expectations and benchmarks.

22. In response to Paragraph 22, admits that plaintiff worked with defendant's leadership and engineering team to develop a FHE compiler for the commercial FHE project with the goal of achieving functional capability.

23. In response to Paragraph 23, defendant denies.

24. In response to Paragraph 24, defendant denies.

25. In response to Paragraph 25, defendant denies.

**III.    DEFENDANT'S REPRESENTATION REGARDING THE FHE ACCELERATOR**

26. In response to Paragraph 26, defendant admits that they promoted the commercial FHE project to potential commercial partners and customers. As to the remaining allegations in paragraph 26, defendant denies.

27. In response to Paragraph 27, defendant denies.

28. In response to Paragraph 28, defendant denies.

29. In response to Paragraph 29, defendant denies.

30. In response to Paragraph 30, defendant denies.

31. In response to Paragraph 31, defendant denies.

32. In response to Paragraph 32, defendant denies.

DEFENDANT NIOBIUM MICROSYSTEMS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - Page 4

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, OR 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

33.     In response to Paragraph 33, defendant denies.

34.     In response to Paragraph 34, defendant denies.

## IV.     PLAINTIFF'S PROTECTED DISCLOSURES REGARDING THE ACCELERATOR

35.     In response to Paragraph 35, defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of paragraph 35, and therefore denies.

36.     In response to Paragraph 36, defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of paragraph 36, and therefore denies.

37.     In response to Paragraph 37, defendant denies.

38.     In response to Paragraph 38, defendant denies.

39.     In response to Paragraph 39, defendant denies.

40.     In response to Paragraph 40, defendant denies.

41.     In response to Paragraph 41, defendant denies.

42.     In response to Paragraph 42, defendant denies.

43.     In response to Paragraph 43, defendant denies.

## V.     PLAINTIFF'S TERMINATION

44.     In response to Paragraph 44, defendant admits plaintiff was scheduled to meet with defendants Chief Executive Officer. As to the remaining allegations in Paragraph 44, defendant denies.

45.     In response to Paragraph 45, defendant admits.

46.     In response to Paragraph 46, defendant admits plaintiff was informed that his employment was being terminated.

47.     In response to Paragraph 47, defendant denies.

48.     In response to Paragraph 48, defendant denies.

49.     In response to Paragraph 49, defendant denies.

50.     In response to Paragraph 50, defendant denies.

DEFENDANT NIOBIUM MICROSYSTEMS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - Page 5

O'HAGAN MEYER PLLC
805 SW Broadway, Suite 2280
Portland, OR 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

51.    Paragraph 51 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

## VI.    PLAINTIFF IS TERMINATED FOR WHISTLEBLOWER ACTIVITY

52.    In response to Paragraph 52, defendant admits that plaintiff was scheduled to meet with defendants Chief Executive Officer on August 27, 2025.

53.    In response to Paragraph 53, defendant admits.

54.    In response to Paragraph 54, defendant admits plaintiff was informed that his employment was being terminated. As to the remaining allegations in Paragraph 54, defendant denies.

55.    In response to Paragraph 55, defendant denies.

56.    In response to Paragraph 56, defendant denies.

57.    In response to Paragraph 57, defendant denies.

58.    Paragraph 58 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

## CLAIMS FOR RELIEF

## COUNT I

### (*Violation of the False Claims Act, 31 U.S.C. §3730(h) – Whistleblower Retaliation*)

59.    In response to Paragraph 59, Niobium restates and incorporates by reference its admissions and denials to Paragraphs 1 through 58 of Plaintiff's Complaint.

60.    In response to Paragraph 60, defendant denies.

61.    In response to Paragraph 61, defendant denies.

62.    In response to Paragraph 62, defendant admits that during his employment, plaintiff acquired knowledge as to the commercial FHE projects.

63.    In response to Paragraph 63, defendant denies.

64.    Paragraph 64 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

DEFENDANT NIOBIUM MICROSYSTEMS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - Page 6

O'HAGAN MEYER PLLC
805 SW Broadway, Suite 2280
Portland, OR 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

65.     In response to Paragraph 65, denies.

66.     Paragraph 66 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

67.     In response to Paragraph 67, defendant denies.

68.     In response to Paragraph 68, defendant admits to terminating plaintiffs' employment on August 27, 2025. Defendant otherwise denies.

69.     Paragraph 69 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

70.     Paragraph 70 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

71.     Paragraph 71 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

72.     Paragraph 72 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

## COUNT 2

### *(Violation of ORS 659A.199 – Whistleblower Retaliation)*

73.     In response to Paragraph 73, defendant restates and incorporates by reference its admissions and denials to Paragraphs 1 through 72 of Plaintiff's Complaint.

74.     Paragraph 74 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant admits.

75.     Paragraph 75 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant admits.

76.     In response to Paragraph 76, defendant denies.

77.     In response to Paragraph 77, defendant denies.

78.     Paragraph 78 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

DEFENDANT NIOBIUM MICROSYSTEMS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - Page 7

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, OR 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

79. Paragraph 79 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

80. Paragraph 80 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

81. Paragraph 81 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

82. Paragraph 82 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

83. Paragraph 83 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

84. Paragraph 84 consists of legal conclusions to which no response is required. To the extent a response is required, defendant denies.

85. Paragraph 85 consists of a legal conclusion to which no response is required. To the extent a response is required, defendant denies.

## JURY TRIAL DEMAND

86. In response to Paragraph 86, defendant states this is a legal conclusion which is not subject to denial or admission. Defendant also requests a jury trial.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses, and reserves the right to amend this Answer and its Affirmative defenses as additional information is discovered or becomes apparent in the process of investigating and litigating Plaintiff's claims.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against defendant and further fails to state facts sufficient to entitle plaintiff to relief.

DEFENDANT NIOBIUM MICROSYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT - Page 8

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, OR 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

3.    Plaintiff has failed to mitigate his damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

### (Legitimate, Nondiscriminatory Business Reasons)

4.    Defendant's actions involving plaintiff was based solely on legitimate, good faith, nondiscriminatory business reasons.

## FIFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

5.    Plaintiff's claims and damages, in whole or in part, are barred by after-acquired evidence.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to amend its Answer, including to add additional affirmative defenses, counterclaims, or cross-claims or to identify responsible third parties as additional facts are obtained through investigation, discovery, or trial.

/ / /

/ / /

/ / /

DEFENDANT NIOBIUM MICROSYSTEMS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - Page 9

DATED this 29th day of June, 2026          O'HAGAN MEYER PLLC


By:        _s/Bradley J. Krupicka_
          Bradley J. Krupicka, OSB #104318
          bkrupicka@ohaganmeyer.com
          Megan K. Bryant-Tiktin, OSB #244898
          mbryanttiktin@ohaganmeyer.com

          *Attorneys for Niobium Microsystems, Inc.*

DEFENDANT NIOBIUM MICROSYSTEMS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - Page 10

**O'HAGAN MEYER PLLC**
805 SW Broadway, Suite 2280
Portland, OR 97205
Telephone: 971.315.0650
Facsimile: 971.315.0720

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANT NIOBIUM MICROSYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on the following attorneys by the method indicated below on the 29th day of June, 2026:

***Attorneys for Plaintiff:***

Jonathan R. Russell (Oregon # 220641)
Jonnyrussell.law@outlook.com
LAW OFFICES OF JONNY RUSSELL, L.L.C.
500 SW 116 Ave., Flr. 4
Portland, OR 97225
Tel:  971 284-1050
jonnyrussell.law@outlook.com

☐ Via First Class Mail
☐ Via Federal Express
☐ Via Facsimile
☒ Via CM/ECF
☐ Via E-Mail

Pamela M. Keith,  [DC Bar No, 448421]
*(pro hac vice application forthcoming)*
Raymond K. Gordineer, [DC Bar No. 90028057]
(pro hac vice application forthcoming)
CENTER FOR EMPLOYMENT JUSTICE
650 Massachusetts Ave. NW, Suite 600
Washington D.C. 20001
Tel: (202) 800-0292
pamkeith@centerforemploymentjustice.com
raygordineer@centerforemploymentjustice.com

☐ Via First Class Mail
☐ Via Federal Express
☐ Via Facsimile
☒ Via CM/ECF
☐ Via E-Mail

O'HAGAN MEYER PLLC


By:     *s/Bradley J. Krupicka*
        Bradley J. Krupicka, OSB #104318
        bkrupicka@ohaganmeyer.com
        Megan K. Bryant-Tiktin, OSB #244898
        mbryanttiktin@ohaganmeyer.com

        *Attorneys for Niobium Microsystems, Inc.*

CERTIFICATE OF SERVICE- Page 1